IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JILL WALLER DANIEL,

      Plaintiff,


V.                                    CIVIL ACTION NO. 3:08-0886


MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for child's benefits[1] on her father's earning record and disability insurance benefits and supplemental security income on her own account. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her child's benefits application on March 28, 2000. Following initial and reconsidered denials and a hearing, her application was denied on October 22, 2002, as was a request for review by the Appeals Council. Thereafter, she filed a civil action seeking review of

---

[1] See 20 C.F.R. § 404.350 which provides generally that benefits may be received by a child on the earnings record of an insured parent who is entitled to old-age or disability benefits. To be eligible for such benefits, a child must be unmarried; under age eighteen; age eighteen or older and have a disability which began before age twenty-two; or age eighteen or older and be a full-time student. 20 C.F.R. § 404.350(a)(1-5).

the Commissioner's decision.[2] At the Commissioner's request, the Court remanded the case for further proceedings on December 26, 2003. Plaintiff filed her applications for disability insurance benefits and supplemental security income on August 20, 2003 alleging disability commencing September 15, 2002 as a result of poor vision. On appeal from initial and reconsidered denials, an administrative law judge consolidated these applications with the earlier case and, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council again denied plaintiff's request for review. Thereafter, she filed this action seeking to have the Court review the Commissioner's decision.

At the time of the most recent administrative decision, plaintiff was twenty-two years of age and had obtained a high school education through the West Virginia School for the Blind in Romney, West Virginia. Her past relevant employment experience consisted of work at a fast food restaurant, as technical support at a telephone company and at a telemarketing call center. In his decision, the administrative law judge determined that plaintiff suffered from ocular albinism,[3] nystagmus,[4] exotropia,[5] night blindness and obesity, impairments he found severe.

---

[2]See Civil Action No. 3:03-0390.

[3]A condition marked by the congenital absence of pigment in the eye. Attorney's Dictionary of Medicine, O-23 (2007).

[4]An abnormal and involuntary movement of the eyeballs either from side to side or up and down. Id. at N-175.

[5]A condition in which an eye is turned outward, away from the nose, as compared with the normal position of the eyes when looking at an object. Id. at E-244.

2

Though finding plaintiff unable to perform her past work,[6] the administrative law judge concluded she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.20 of the Medical-Vocational Guidelines[7] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. As noted, plaintiff experiences significant vision loss, particularly with distant vision. Measurements of visual acuity have differed, ranging from 20/100 to 20/70 (corrected) in the right eye, 20/80 minus 2 to 20/60 minus 1 (corrected) in the left eye for far vision and from 20/40 bilaterally to 20/30 bilaterally for corrected near vision. Examiners have also expressed differing opinions as to how much, if any, restriction plaintiff experiences in her visual fields. She testified she is very sensitive to bright light but cannot see at all in the dark. While she has no problem with walking, she is able to walk to and from a destination only if she is familiar with the route and it does not change.

In order to aid in the assessment of plaintiff's residual functional capacity, the administrative law judge sought the opinion of Dr. Christ Balouris, a specialist in ophthalmology. After reviewing the record, this physician was of the opinion that plaintiff's vision problems did not meet or equal a listed impairment and that she would be capable of a limited range of activities at the light level of exertion. The administrative law judge adopted his findings, noting

---

[6]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[7]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

they were the most restrictive limitations in the file. He found plaintiff limited to light level work not requiring the climbing of ladders and scaffolds or more than occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching or crawling. She must avoid temperature extremes and exposure to unprotected heights and hazards, cannot perform constant reaching for objects and must work in an area that remains in the same configuration. Further, she is unable to perform work requiring color vision or good far vision. A vocational expert present at the hearing, when given the hypothetical question containing plaintiff's vocational background and these limitations, was able to cite light and sedentary jobs which plaintiff could perform.

Plaintiff raises two objections to the Commissioner's decision, both relating to the vocational expert's testimony. The first is that the hypothetical question propounded by the administrative law judge was deficient because it did not match the work-related limitations ultimately found by the administrative law judge. This entire argument is based, however, on a comparison of the administrative law judge's current findings with the hypothetical question(s) from the first hearing, held in August 2001. Obviously, the limitations are not going to be consistent. The hypothetical question posed to the vocational expert at the July 2004 hearing "fairly set out all of claimant's impairments"[8] and is consistent with the administrative law judge's findings.

Plaintiff's second argument has to do with the administrative law judge failing to ask the vocational expert whether there were conflicts between his testimony and the Dictionary of Occupational Titles and to resolve any conflicts in accordance with SSR 00-4P and the Appeals

---

[8]Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

4

Council's remand order. Again, this is based on what transpired at the 2001 hearing, not the hearing held on remand wherein the vocational expert testified that the jobs he named did not conflict with the Dictionary of Occupational Titles. Thus, his testimony provides substantial support for the Commissioner's finding that there were other jobs plaintiff could perform.

It being apparent that plaintiff's arguments are without merit and the Court concluding that the Commissioner's decision is supported by substantial evidence, it necessarily follows that the decision of the Commissioner should be affirmed.

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provision of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of

objections shall be served on all parties with copies of the same to Judge Chambers and this

Magistrate Judge.

The Clerk is directed to file this Findings and Recommendation and mail a copy of the

same to all counsel of record.

ENTER:   August 18, 2009

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE